1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY ANDREW HALL,

11          Plaintiff,                         No. CIV S-04-1957 FCD KJM P

12          vs.

13   D.L. RUNNELS, et al.,                     ORDER AND ORDER DIRECTING SERVICE

14          Defendants.                        BY THE UNITED STATES MARSHAL

15   _____/                 WITHOUT PREPAYMENT OF COSTS

16          Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order

17   filed January 9, 2007, the court determined that plaintiff's amended complaint states a cognizable

18   claim for relief against defendant Wright and ordered plaintiff to provide information for service

19   of process on form USM-285, a completed summons, sufficient copies of the amended complaint

20   for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT

21   IS HEREBY ORDERED that:

22          1. The Clerk of the Court is directed to forward the instructions for service of

23   process, the completed summons, copies of the June 22, 2006 amended complaint and copies of

24   this order to the United States Marshal.

25          2. Within ten days from the date of this order, the United States Marshal is

26   directed to notify defendant Wright of the commencement of this action and to request a waiver

1

1 of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C.
2 § 566(c).

3          3. The United States Marshal is directed to retain the sealed summons and a copy
4 of the amended complaint in their file for future use.

5          4. The United States Marshal shall file returned waivers of service of summons as
6 well as any requests for waivers that are returned as undelivered as soon as they are received.

7          5. If a waiver of service of summons is not returned by a defendant within sixty
8 days from the date of mailing the request for waiver, the United States Marshal shall:

9                  a. Personally serve process and a copy of this order upon the defendant
10                 pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.
11                 § 566(c) and shall command all necessary assistance from the California
12                 Department of Corrections (CDC) to execute this order. The United States
13                 Marshal shall maintain the confidentiality of all information provided by
14                 the CDC pursuant to this order.

15                 b. Within ten days after personal service is effected, the United States
16                 Marshal shall file the return of service for the defendant, along with
17                 evidence of any attempts to secure a waiver of service of summons and of
18                 the costs subsequently incurred in effecting service on said defendant.
19                 Said costs shall be enumerated on the USM-285 form and shall include the
20                 costs incurred by the Marshal's office for photocopying additional copies
21                 of the summons and amended complaint and for preparing new USM-285
22                 forms, if required. Costs of service will be taxed against the personally
23                 served defendant in accordance with the provisions of Fed. R. Civ. P.
24                 4(d)(2).

25         6. Defendants shall reply to the amended complaint within the time provided by
26 the applicable provisions of Fed. R. Civ. P. 12(a).

1      7. Discovery shall not proceed until the court issues a discovery order. Generally,
2   a discovery order will issue after defendants file their answer.

3      8. Unless otherwise ordered, all motions to dismiss, motions for summary
4   judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59
5   and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall
6   be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be
7   deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only
8   as directed by the court.

9      9. If plaintiff is released from prison at any time during the pendency of this case,
10   any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule
11   78-230(m). In the absence of a court order granting such a request, the provisions of Local Rule
12   78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.
13   See Local Rule 1-102(d).

14      10. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), cert.
15   denied sub nom. Alameda v. Wyatt, 124 S. Ct. 50, __ U.S. __ (2003), plaintiff is advised of the
16   following requirements for opposing a motion to dismiss for failure to exhaust administrative
17   remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of
18   Civil Procedure. Such a motion is a request for dismissal of unexhausted claims without
19   prejudice. The defendant may submit affidavits or declarations under penalty of perjury and
20   admissible documentation to support the motion to dismiss. To oppose the motion, plaintiff may
21   likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may
22   rely upon statements made under the penalty of perjury in the complaint if the complaint shows
23   that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's
24   attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one
25   or more affidavits or declarations by other persons who have personal knowledge of relevant
26   matters. Plaintiff may also rely upon written records, but plaintiff must prove that the records are

3

1    what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence with
2    admissible evidence, the court may rely on the defendant's evidence. In the event both sides
3    submit matters outside the pleadings, the court may look beyond the pleadings and decide
4    disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the
5    court may consider the failure to act as a waiver of opposition to the defendant's motion. If the
6    defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
7    unexhausted claims will be dismissed without prejudice.

8              11. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
9    cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),
10   plaintiff is advised of the following requirements for opposing a motion for summary judgment
11   made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion
12   is a request for an order for judgment in favor of defendants without trial. A defendant's motion
13   for summary judgment will set forth the facts that the defendants contend are not reasonably
14   subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary
15   judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of
16   the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the
17   complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
18   plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.
19   Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
20   plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
21   have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff
22   must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any
23   part of the transcript of one or more depositions, answers to interrogatories, or admissions
24   obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with
25   counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the
26   truth and the defendants' motion for summary judgment granted. If there is some good reason

4

1  why such facts are not available to plaintiff when required to oppose a motion for summary
2  judgment, the court will consider a request to postpone considering the defendants' motion. If
3  plaintiff does not serve and file a written opposition to the motion or a request to postpone
4  consideration of the motion, the court may consider the failure to act as a waiver of opposition to
5  the defendants' motion. If the defendants' motion for summary judgment, whether opposed or
6  unopposed, is granted, judgment will be entered for the defendants without a trial and the case
7  will be closed.

8         12. A motion or opposition supported by unsigned affidavits or declarations will
9  be stricken.

10        13. Each party shall keep the court informed of a current address at all times
11  while the action is pending. Any change of address must be reported promptly to the court in a
12  separate document captioned for this case and entitled "Notice of Change of Address." A notice
13  of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(f),
14  service of documents at the record address of a party is fully effective. Failure to inform the
15  court of a change of address may result in the imposition of sanctions including dismissal of the
16  action.

17        14. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
18  Court.

19        15. The failure of any party to comply with this order, the Federal Rules of Civil
20  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
21  not limited to, dismissal of the action or entry of default.

22  DATED:  2/8/07

23

24

25  mp
    hall1957.8ackjm

26

UNITED STATES MAGISTRATE JUDGE

5